UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MUHAMMAD AKBAR,<br><br>      Petitioner,<br>v.<br><br>Warden BRIAN JETT,<br><br>      Respondent. | Civil No. 10-4493 (DSD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1982, Petitioner was convicted in the United States District Court for the Central District of California on a charge of air piracy. He was sentenced to 50 years in prison, and he is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner's current § 2241 habeas corpus case is the latest of many actions he has commenced in this District. In one of his prior cases, Akbar v. Babcock, Civil No. 09-810 (DSD/SRN), [hereafter "the 09-810 case"], he claimed that the federal Bureau of Prisons, ("BOP"), had miscalculated his release date, by failing to give him the proper amount of credit for "statutory good time," ("SGT"), "extra good time," ("EGT"), and jail time earned before he began serving his sentence.

Before Petitioner filed his petition in the 09-810 case, he initiated the administrative remedy process that is provided by the BOP. He completed the first step in that process, by presenting his sentence miscalculation claim in an informal "Inmate Request to Staff," also known as a "BP-8." (See Petitioner's Memorandum in Support of Petition, [Docket No. 2], p. 4, and Exhibit C.) Plaintiff's sentence miscalculation claim was reviewed and rejected by a case manager at FMC-Rochester. (Id.) Upon receiving the case manager's response, Petitioner elected not to complete the BOP's administrative remedy process. Instead, he immediately filed a habeas corpus petition asking the federal court to uphold his sentence miscalculation claim. This Court reviewed that petition, in the 09-810 case, and found that Petitioner had failed to exhaust his administrative remedies for his sentence miscalculation claim.

The Court filed a Report and Recommendation, ("R&R"), in the 09-810 case, which said that the case was dismissible because of Petitioner's failure to exhaust his administrative remedies. However, the Court nevertheless reached the merits of Petitioner's sentence miscalculation claim, despite his failure to exhaust. The Court carefully considered Petitioner's arguments regarding his SGT, EGT and jail time, and found those arguments to be unsustainable. Therefore, the Court expressly concluded that

2

"the BOP's sentence calculation is correct and Akbar's Petition should be denied <u>on the merits</u>." (<u>Akbar v. Babcock</u>, Civil No. 09-810 (DSD/SRN), R&R dated July 29, 2009, [Docket No. 13], p. 9 (emphasis added).) The Court also expressly recommended that the 09-810 case should be "dismissed with prejudice." (<u>Id</u>.)

Petitioner filed objections to the Court's R&R in the 09-810 case, in which he restated his arguments in support of his sentence miscalculation claim. Petitioner's objections to the R&R caused the presiding District Court Judge to review Petitioner's claim de novo. Based on that de novo review, the District Court Judge adopted the R&R "in its entirety," and ordered that the case be dismissed accordingly. (<u>Akbar v. Babcock</u>, Civil No. 09-810 (DSD/SRN), Order dated September 21, 2009, [Docket No. 19].)

Petitioner filed a notice of appeal after the 09-810 case was dismissed, but it appears that the appeal was voluntarily dismissed shortly after it was filed. In Petitioner's present submissions, he states that he "began the appellate process, but was later told by fellow inmates knowledgable [sic] in the law that this would be fruitless and that petitioner had to first exhaust his remedies and set forth his proof." (Petitioner's Memorandum in Support of Petition, [Docket No. 2], p. 5.)

After the 09-810 case was dismissed, Petitioner attempted to exhaust his administrative remedies for the sentence miscalculation claim that he had presented in that case. He completed the administrative remedy process by presenting his claim to the Warden at FMC-Rochester, then to the BOP's Regional Director, and then to the BOP's Central Office. However, his sentence miscalculation claim was rejected at each stage of the administrative remedy process. (<u>See</u> Petitioner's Memorandum in Support of Petition, p. 5, and Exhibit D, E, and F.)

3

After Petitioner exhausted his administrative remedies, he filed his present habeas corpus petition. In this case, Petitioner is renewing the sentence miscalculation claim that he presented in the 09-810 case and in the BOP administrative remedy process. He contends that because he has now exhausted his administrative remedies, his sentence miscalculation claim should be revisited. The Court disagrees. Petitioner's current claims cannot be entertained here, because his new habeas corpus petition is barred by 28 U.S.C. § 2244(a).

## II. DISCUSSION

28 U.S.C. § 2244(a) states that:

"No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

This statute prohibits prisoners from filing a habeas corpus petition that seeks to re-raise claims that have already been raised and adjudicated on the merits in a prior habeas proceeding. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (habeas petition presenting claims that had been adjudicated on the merits in a prior habeas case was a "successive petition" barred by § 2244(a)); Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (district court properly relied on § 2244(a) to dismiss habeas claims that had been decided in a previous habeas case); Graham v. Warden of FCI Allenwood, 348 Fed.Appx. 706, 707 (3rd Cir. 2009) (unpublished opinion) (second habeas petition need not be considered, because the relief requested was denied in a previous habeas case).

4

In this case, it is readily apparent that Petitioner is seeking federal habeas review of a claim that has already been adjudicated on the merits in a previous habeas corpus case. The sentence miscalculation claim presented here is indistinguishable from the claim that was reviewed, decided on the merits, and dismissed with prejudice, in the 09-810 case.

Petitioner has candidly acknowledged that he started pursuing his administrative remedies for his sentence miscalculation claim before he filed the 09-810 case; he then presented the claim in the 09-810 case; he then resumed his pursuit of his administrative remedies for that claim, after the 09-810 case was dismissed; and he is now seeking habeas corpus review of that same claim once again in his current habeas corpus petition. Because Plaintiff's current habeas corpus claim was heard and decided on the merits in a previous habeas corpus case, the present petition is barred by § 2244(a).

If the 09-810 case had been dismissed solely because of Petitioner's failure to exhaust his administrative remedies, and without reaching the merits of his sentence miscalculation claim, the prior case would have been dismissed without prejudice, and the present petition would not be barred by § 2244(a). However, the Court did, in fact, fully consider Petitioner's sentence miscalculation claim in his previous case, the claim was rejected <u>on the merits</u>, and the case was dismissed <u>with prejudice</u>. Therefore, Petitioner's current presentation of that claim is barred by § 2244(a).

Even though this case must be summarily dismissed pursuant to § 2244(a), the Court has nevertheless considered the merits of Petitioner's sentence miscalculation claim once again. The current presentation of the sentence miscalculation claim, as set forth in Petitioner's Memorandum in Support of Petition, (Docket No. 2), only reinforces the Court's previous determination that the claim is without merit. Although Petitioner's new

explanation of his claim is dubious in several respects, it suffers from one particularly glaring flaw, which provides more than ample reason to reject the claim on the merits once again.

Petitioner's Memorandum in Support of Petition includes a nine-step explanation of his sentence miscalculation claim. In steps one through four, Petitioner describes how he has computed the total amount of the SGT, EGT, and jail time credit that he believes should be awarded to him. He concludes that he is entitled to a grand total of 4,430 days of sentence credit.[2] At step five, Petitioner concludes that his self-determined total of 4,430 days of sentence credit is equal to 36.9 years of sentence credit. He has reached that conclusion by dividing 4,430 by 120 days – i.e., 4430 ÷ 120 = 36.9. This equation might make sense if there were 120 days in a year, but that, of course, is not the case. Because there are 365 days in a year, Petitioner's self-determined total of 4,430 days of sentence credit actually equals only about 12.1 years – not 36.9 years, (4430 ÷ 365 = 12.14). Thus, even if everything else in Petitioner's nine-step sentence calculation were entirely accurate, (which is a doubtful proposition), Petitioner's 50-year sentence would be cut by only about twelve years – not more than 36 years, as Petitioner has computed.

After considering Petitioner's sentence miscalculation claim once again, the Court still finds that it is not sustainable on the merits. Petitioner did not cure the substantive inadequacy of his claim by exhausting his administrative remedies.

---

[2] Ironically, Petitioner's tally appears to be substantially less than the number determined by the BOP. The BOP's Central Office apparently has concluded that Petitioner's sentence will be reduced by a total of 7056 days – 6000 days of SGT, plus 944 days of EGT, plus 112 days of jail time credit. (Petitioner's Memorandum in Support of Petition, Exhibit F.)

In sum, Petitioner's current habeas corpus petition must be summarily dismissed pursuant to 28 U.S.C. § 2244(a). Furthermore, even if the petition could be entertained, Petitioner's sentence miscalculation claim would be rejected on the merits, once again.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be summarily dismissed pursuant to 28 U.S.C. § 2244(a).

Dated: December 9, 2010

        s/ Susan Richard Nelson
        SUSAN RICHARD NELSON
        United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 24, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.